# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EKON OKUDO | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-21-1269 |
| SW BELAIR EDISON LLC | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Ekon Okudo filed suit against Defendant SW Belair Edison LLC ("SW"), alleging that SW engaged in unlawful discrimination when it did not allow Mr. Okudo to carry his bag into a retail store in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II") and Md. Code Ann., State Gov't § 20-304 (West 2021). SW has moved to dismiss these claims and has asked this Court to issue a prefiling injunction against Mr. Okudo. (*See* ECF No. 13.) Mr. Okudo failed to file a response to SW's Motion to Dismiss and for Sanctions within 28 days (*see* Rule 12/56 Notice Mailed to Mr. Okudo, ECF No. 15), and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, SW's Motion to Dismiss will be GRANTED and its Motion for Sanctions will be DENIED.

## I. *Background*[1]

On March 14, 2021, Plaintiff "attempted to patronize" a Shopper's World retail store on Belair Road in Baltimore, Maryland. (Compl. at 1, ECF No. 2.) A security guard told Plaintiff that he must check in his personal bag at the door. (*Id.*) When Plaintiff questioned why he was asked to check in his bag, the security guard explained that the direction was intended to prevent patrons from stealing store products. (*Id.*) Plaintiff pointed out that many female patrons were allowed to bring their bags inside the store, and the security guard clarified that shoppers could bring in bags as long as they were "being used as purses." (*Id.*) Plaintiff complained to the store manager about the policy, arguing that purses could be used to shoplift as easily as other, prohibited bags, and that purses should therefore also be checked in. (*Id.*) Plaintiff then explained that he "was using [his] personal bag as a purse and should not have been required to check it in," but the store manager restated the policy and required Plaintiff to check in his bag. (*Id.* at 1–2.)

Plaintiff sued Defendant in the Circuit Court for Baltimore City on March 30, 2021, alleging that the above facts constitute "discrimination in a [place of] public accommodation" in violation of Title II of the Civil Rights Act of 1964 and Md. Code Ann., State Gov't § 20-304 (West 2021), seeking $30,000 in damages, and demanding a jury trial. (*Id.* at 2.) On April 6, 2021, the Circuit Court for Baltimore City granted Plaintiff's request to waive prepaid costs. (ECF No. 6.) Defendant removed the case to this Court on May 24, 2021. (ECF No. 1.) After the Court granted Defendant's Motion for Extension of Time to Answer Plaintiff's Complaint, (ECF No. 12), Defendant filed a Motion to Dismiss and for Sanctions on July 8, 2021. (ECF No. 13.) Plaintiff did not respond to the motion.

---

[1] At the motion to dismiss stage, the "well-pled allegations of the complaint" are accepted as true and "the facts and reasonable inferences derived therefrom" are construed "in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (citing *Little v. Fed. Bureau of Inv.*, 1 F.3d 255, 256 (4th Cir. 1993)).

2

## II.  *Legal Standards*

Defendant has moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), and in addition, has requested that the Court issue a prefiling injunction against Plaintiff. (Mot. Dismiss Mem. Supp., ECF No. 13.)

### A. *Motion to Dismiss*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a plaintiff must plead enough factual allegations 'to state a claim to relief that is plausible on its face.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, the Court "accept[s] as true all of the factual allegations contained in the complaint," and "draw[s] all reasonable inferences in favor of the plaintiff." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (citing *E.I. du Pont de Nemours and Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)). However, "[b]are legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citing *Ashcroft*, 556 U.S. at 679).

Complaints filed by *pro se* plaintiffs are construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]") (internal citations and quotations omitted). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing*, 959 F.3d at 618; *see also Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014) ("[L]iberal construction does not absolve Plaintiff from pleading a plausible claim.").

### *B. Prefiling Injunction*

To determine whether a prefiling injunction is warranted, the Court considers "all the relevant circumstances, including":

(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits;
(2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass;
(3) the extent of the burden on the courts and other parties resulting from the party's filings; and
(4) the adequacy of alternative sanctions.

*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). Although the Court retains the "authority to limit access to the courts by vexatious and repetitive litigants" pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a prefiling injunction greatly constrains the due process rights of the party enjoined and must therefore be used "sparingly." *Cromer*, 390 F.3d at 817. The Court should not "limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817–18 (internal quotations omitted).

If the Court, in its discretion, imposes a prefiling injunction, the party to be enjoined must first be afforded notice and an opportunity to be heard. *Cromer*, 390 F.3d at 819. Further, any prefiling injunction that is ultimately issued must be "narrowly tailored to fit the particular circumstances of the case." *Id.* (internal quotations omitted); *see Adkins v. Whole Foods Mkt. Grp., Inc.*, 795 F. App'x 217, 218 (4th Cir. 2020). The Court must also consider the injunction's impact on the enjoined party's "potentially meritorious filings." *Cromer*, 390 F.3d at 819.

### *III. Analysis*

Plaintiff claims that Defendant's policy—which requires store patrons to check bags, but not purses, before shopping—constitutes discrimination in a place of public accommodation in

4

violation of federal and state law. (Compl. at 2.) Defendant argues that Plaintiff's federal claim should be dismissed because: (1) a retail store is not a place of public accommodation within the meaning of Title II; (2) Plaintiff failed to satisfy Title II's administrative prerequisites; and (3) Title II does not bar sex discrimination. (Mot. Dismiss Mem. Supp. at 8–10.) Defendant further argues that Plaintiff's state law claim fails because § 20-304 does not create a private right of action. (*Id.* at 10.) As explained below, the Court agrees with respect to both claims. Finally, Defendant asks the Court to enjoin Plaintiff from "filing any lawsuit against SW Belair Edison LLC" without first seeking leave of Court. (*Id.* at 12–13.) The Court declines to issue the requested prefiling injunction for the reasons that follow.

### A. *Motion to Dismiss*

Plaintiff's Title II claim fails for several reasons. First, retail stores like Shopper's World are not places of public accommodation within the meaning of the Civil Rights Act. *See Newman v. Piggie Park Enters.*, 377 F.2d 433, 436 (4th Cir. 1967). Second, Title II authorizes only injunctive or declaratory relief and not damages. *See Newman v. Piggie Park Enters.*, 390 U.S. 400, 401–02 (1968). Third, the facts alleged in the complaint are insufficient to state a claim of any form of discrimination barred by Title II.[2]

Plaintiff's state law claim also fails because § 20-304 does not authorize a private right of action.[3] *See* Md. Code Ann., State Gov't §§ 20-1007, 20-1013 (West 2021) (permitting a

---

[2] Title II bars discrimination based on "race, color, religion, or national origin." 42 U.S.C. § 2000a(a). At best, Plaintiff's claim might generously be read to suggest gender discrimination—which is not covered under Title II. *See Okudo v. Family Dollar Stores, Inc.*, Civ. No. SAG-21-991, 2021 WL 2805837, at *3 n.1 (D. Md. Jul. 6, 2021).
[3] Even though it has dismissed the federal claims in Plaintiff's Complaint, the Court will retain jurisdiction over the state law claim rather than remand it under 28 U.S.C. § 1367(c)(3) because the state law issue is clear. *See* 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3567.3 (3d ed. April 2021) ("[T]he federal court may also exercise supplemental jurisdiction when the resolution of the supplemental claims on the merits is obvious. For example, in dismissing the underlying claim, the court may have decided an issue that will be dispositive of the state claim. Or state law may be clear and easily applied."); *see also Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999) (finding that "the district court did not abuse its discretion by retaining jurisdiction over" pendent state law claims because the application of state law was clear).

complainant to initiate a civil lawsuit for employment discrimination claims, but omitting reference to other kinds of discrimination barred by the State Government Article); *M.R. ex rel. N.R. v. Tajdar*, Civ. No. TDC-17-3836, 2018 WL 6050888, at *5 (D. Md. Nov. 19, 2018); *see also Okudo v. Family Dollar Stores, Inc.*, Civ. No. SAG-21-991, 2021 WL 2805837, at *3 (D. Md. Jul. 6, 2021). Even in light of Plaintiff's *pro se* status, his claims must be dismissed because neither statute on which he bases his Complaint affords him the relief he seeks. *See Bing*, 959 F.3d at 618.

### B. *Prefiling Injunction*

Defendant also asks the Court to enjoin Plaintiff from filing "any lawsuit" against Defendant without first seeking leave of Court. (Mot. Dismiss Mem. Supp. at 12.) As Defendant explains, several factors weigh in favor of issuing such an injunction. *See Cromer*, 390 F.3d at 818. According to Defendant, Mr. Okudo has filed eight lawsuits in the last seven months, (Mot. Dismiss. Mem. Supp. at 4–5), three of which have made their way to this Court (including this case). *See Okudo v. Caesars License Co.*, Civ. No. ELH-20-3434, 2021 WL 4133717 (D. Md. Sept. 10, 2021); *Okudo v. Family Dollar Stores, Inc.*, Civ. No. SAG-21-991, 2021 WL 2805837 (D. Md. Jul. 6, 2021). It is unclear whether Plaintiff has a "good faith basis" for pursuing these claims, although the fact that Plaintiff has failed to defend his Complaint before this Court suggests that he may not. *Cromer*, 390 F.3d at 818. These lawsuits have certainly burdened the Court and other parties involved, and Plaintiff's state court fee waiver suggests that monetary sanctions may be a harsher penalty than a prefiling injunction given his limited financial resources. *See id.*; (ECF Nos. 5, 6.)

That said, a few key factors counsel against issuing a prefiling injunction. Although "vexatious," *Cromer*, 390 F.3d at 818, Plaintiff's lawsuits have named several different defendants. Importantly, the instant case appears to be the only one in which SW is named as a

6

defendant. Because this is the first lawsuit Plaintiff has filed against SW, there is a considerable risk that a prefiling injunction might impede potential future meritorious claims brought by Plaintiff against Defendant. *See id.* at 819. In addition, Plaintiff has not been given notice or an opportunity to be heard on the issue of a prefiling injunction. *Id.*; *see also Sewell v. Chasanow*, Civ. No. JKB-16-3256, 2016 WL 9776570, at *1 (D. Md. Oct. 24, 2016) (enjoining plaintiff only after the Court's warning).

Plaintiff's *pro se* status compels the Court to proceed with "particular caution" in deciding whether to limit his access to the courts. *See Cromer*, 390 F.3d at 818. Although the Court may undoubtedly enjoin a *pro se* plaintiff in some circumstances, a prefiling injunction is only appropriate where the party's litigation conduct is sufficiently severe—such as where a plaintiff has filed multiple meritless lawsuits against the same defendant or defendants. *See, e.g., Robinson v. Dep't of Just. Drug Enf't Admin.*, Civ. No. DKC-16-3850, 2016 WL 9023444, at *2–3 (D. Md. Dec. 5, 2016) (ordering *pro se* plaintiff who filed four lawsuits against the same defendants "arising out of the same transaction or core of operative facts" to show cause as to why a prefiling injunction was not warranted); *Randolph v. Lynch*, Civ. No. GLR-15-1311, 2015 WL 11022851, at *2–3 (D. Md. Jun. 1, 2015) (ordering *pro se* plaintiff who filed thirteen conclusory complaints against various defendants to show cause as to why a prefiling injunction was not warranted); *cf. Sewell v. Chasanow*, Civ. No. JKB-16-3256, 2016 WL 9776570, at *1 (D. Md. Oct. 24, 2016) (enjoining plaintiff who filed a third motion for reconsideration after the Court's warning that "repeatedly filing what is in essence the same frivolous motion raising the same arguments would result" in a prefiling injunction). The Court has not yet placed Plaintiff on notice that a prefiling injunction may be issued, and although Defendant cites several similar lawsuits Plaintiff has filed in the last seven months, (*see* Mot. Dismiss. Mem. Supp. at 4–5), Defendant does not allege that

7

Plaintiff has filed any actions against it other than the case at hand. Simply put, Plaintiff's conduct against this Defendant is insufficiently severe for the Court to impose such a drastic remedy at this time.

Although the Court will not now issue such an injunction, this Memorandum shall serve as notice to Mr. Okudo that the continued pursuit of frivolous or baseless claims before this Court may eventually result in the issuance of a prefiling injunction against him.

### IV. Conclusion

For the foregoing reasons, an order will issue granting in part and denying in part Defendant's Motion to Dismiss and for Sanctions (ECF No. 13) consistent with this Memorandum.

DATED this 24 day of September, 2021.

BY THE COURT:

James K. Bredar
Chief Judge